UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK BERRY,

               Plaintiff,

                                       Case No. 13-13280

v.

                                       Hon. Patrick J. Duggan

MAIN STREET BANK, WELLS FARGO
BANK, GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION, CASTLE
OAK SECURITIES, RBS SECURITIES,
ROB DECRAENE, WANDA HAITSMA,
MICHAEL J. NAJJUM, DAVID R. JONES,
PHILIP J. IPPOLITO, BEN CARPENTER,
JAY N. LEVINE, and EDWIN L.
KNETZGER,

               Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS

       Plaintiff Erik Berry, who is proceeding *pro se*, initiated this action against

thirteen defendants, including Defendant Wells Fargo, in state court seeking to

redress alleged improprieties in the foreclosure of his home.  After removing the

action to this Court, Wells Fargo filed a motion seeking dismissal of Plaintiff's

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the

alternative, a motion for summary judgment pursuant to Rule 56.[1]  Having

determined that oral argument would not significantly aid the decisional process,

the Court dispensed with oral argument pursuant to Eastern District of Michigan

Local Rule 7.1(f)(2).  For the reasons stated herein, the Court grants Wells Fargo's

Motion and dismisses this action without prejudice.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

## A.      The Note, Mortgage, and Eventual Foreclosure

On January 31, 2012, Plaintiff accepted a $131,577 loan from Main Street

Bank, and, in exchange, executed a promissory note secured by a mortgage on real

property commonly known as 23735 West Newell Circle, Farmington Hills,

Michigan.  (Note, Def.'s Mot. Ex. 1; Mortgage, Def.'s Mot. Ex. 2.)  The mortgage,

executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as

---

[1] To date, no defendant has been properly served or, with the exception of Wells Fargo, has otherwise appeared in this case.  Removal was proper because Wells Fargo did not need to obtain the consent of the parties who were not properly served.  *See* 28 U.S.C. § 1447(b)(2)(A) ("When a civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Plaintiff appears to have objected to the removal in the state court as Defendant filed a "Response to Plaintiff's Objection to Federal Removal" with this Court on August 19, 2013.  (ECF No. 6.)  Plaintiff's *pro se* status does not excuse him from failing to file a motion objecting to the removal and seeking remand in the proper venue.  A motion to remand on "the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Because Plaintiff did not seek remand in this Court within thirty days after removal on July 31, 2013, the Court need not address Plaintiff's objections to the removal.

"the nominee for [Main Street Bank] . . . and [Main Street Bank]'s successors and assigns[]" designates MERS "as Mortgagee." (Mortgage, Def.'s Mot. Ex. 2.) The mortgage was recorded with the Oakland County Register of Deeds on February 29, 2012, at Liber 4380, page 804. (*Id.*)

Main Street Bank subsequently assigned the mortgage to Wells Fargo and an assignment reflecting this transfer was recorded in the Oakland County Register of Deeds on February 15, 2013, at Liber 45371, page 431. (Assignment, Def.'s Mot. Ex. 3.) As evidenced by the allonge to the note, the note was endorsed and made payable to Wells Fargo. (Note, Def.'s Mot. Ex. 1 at 4.)

Plaintiff eventually defaulted on his loan obligations by failing to remit timely payments. As a result, Wells Fargo, acting through its agent, the law firm of Trott & Trott, published a notice of foreclosure in the Detroit Legal News for four consecutive weeks on July 29, August 5, August 12, and August 19 and a sheriff's sale was scheduled for August 27, 2013. The statutory redemption period has not yet expired.

**B.    Court Proceedings**

On January 9, 2013, Plaintiff, who is proceeding *pro se*, instituted this action by filing a complaint in the Circuit Court for Oakland County in Oakland County, Michigan.[2] (Compl. attach. Notice of Removal, ECF No. 1.) Plaintiff purports to

---

[2] Case No. 2013-131533-CZ.

3

have served all defendants, including Wells Fargo, on December 1, 2012, before the suit was filed or the summons issued.[3] (Compl., ECF No. 1, Pg ID 25.) Plaintiff explains that this occurred due to his lack of familiarity with Michigan's electronic filing system. (Pl.'s Resp., ECF No. 7.)

Wells Fargo removed the action to this Court on July 31, 2013 and subsequently filed a "Motion to Dismiss and/for Summary Judgment." (ECF No. 4.) Plaintiff opposed this motion by filing a Response on August 26, 2013. (ECF No. 7.) Wells Fargo replied on September 6, 2013. (ECF No. 8.) Plaintiff filed another response opposing Wells Fargo's motion on September 23, 2013. (ECF No. 10.) Because this Court did not grant Plaintiff permission to file a sur-reply, the document filed on September 23, 2013 will not be considered by the Court.

Wells Fargo's Motion seeks dismissal of Plaintiff's Complaint, captioned as an "Action to Quiet Title," in its entirety. Plaintiff's Complaint contains five counts, although it is not entirely clear what the basis for each count is. As such, the Court briefly describes the allegations contained under each of the five headings:

I.    In his "First Cause of Action," Plaintiff alleges that Wells Fargo has "defrauded this great court[] by making a false claim on a security" that was terminated in early 2012 and a security that is "not registered with the Securities and Exchange Commission [("SEC")]." (Compl. ¶¶ 4-5, ECF No. 1, Pg ID 17.) Plaintiff further proclaims that Wells

_____

[3] The summons was issued on April 8, 2013. (Summons & Compl., Def.'s Mot. Ex. 5.)

4

Fargo "shall be investigated for money laundering and securities fraud in violation of SEC and RICO statutes[.]"  (*Id.* at ¶ 6.)  Lastly, Plaintiff makes allegations pertaining to quieting title and "denies the validity of the signature on any photocopy of a Promissory Note and hereby requests the issuance of a subpoena duces tecum for the original to be produced[.]"  (*Id.* at ¶¶ 7-10.)

II.    In the "Second Cause of Action," Plaintiff appears to allege that the splitting of the note and mortgage rendered any assignment defective, that Plaintiff never "officially" signed any documents, and that Plaintiff is entitled to "extinguishment of any and all claims[.]"  (*Id.* at Pg ID 18.)

III.   The "Third Cause of Action" alleges that Main Street Bank violated several provisions of federal law by originating a loan beyond a five-year period.  Main Street Bank also "materially altered the contract without the consent of" Plaintiff and committed fraud thus "rendering the transaction illegal."  (*Id.* at Pg ID 19.)  Lastly, Main Street Bank and Wells Fargo "deliberately hid and falsified material facts about the true nature of the loan agreements and concealed those material facts thereby depriving [Plaintiff] the opportunity to abort the contract[.]"  (*Id.*)

IV.    In the fourth count, labeled "Fraud," Plaintiff alleges that the note does not evidence any loan, that the note and mortgage are unenforceable, that banks cannot loan money by creating currency, and that the banks involved in this action owe Plaintiff money.  (*Id.* at Pg ID 19-22.)

V.     The last count, labeled "Unclear Chain of Title," alleges that "there is no clear chain of title for the Promissory note that links the original lender to the Defendant.[4]  Without a clear chain of title specifically naming the Defendant as the holder in due course, the Defendant cannot claim to be the real and beneficial party of interest merely by stating it to be so."  (*Id.* at Pg ID 23.)

---

[4] The Complaint does not indicate which of the several defendants he refers to, however, the Court presumes Plaintiff is referring to Wells Fargo as the lender, Main Street Bank, is also named as a defendant in the caption of his Complaint.

## II.    STANDARD OF REVIEW [5]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face.  This standard requires a claimant to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims.  *Id.* at 557, 127 S. Ct. at 1965.  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

---

[5] The Court construes Wells Fargo's Motion as one brought pursuant to Rule 12(b)(6).  Although Plaintiff has attached documents that are not public and that were not referenced in the Complaint to his Response, the Court has not considered any such documents in reaching its conclusions.

6

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This presumption, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and

are central to the claims contained therein.  *Bassett v. NCAA*, 528 F.3d 426, 430

(6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

In the case at bar, the Court has considered documents, all of which are public,

relating to the mortgage and the foreclosure.

Compared to formal pleadings drafted by lawyers, a generally less stringent

standard is applied when construing the allegations pleaded in a *pro se* complaint.

*Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also*

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming

rule of more liberal construction with pro se complaints less than two weeks after

issuing *Twombly*).  The leniency with which courts construe *pro se* plaintiffs'

complaints, however, does not abrogate the basic pleading requirements designed

to ensure that courts do "not have to guess at the nature of the claim asserted."

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  *Pro se* plaintiffs still must

provide more than bare assertions of legal conclusions to survive a motion to

dismiss.  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v.*

*Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  However,

because deficiencies in a pro se plaintiff's complaint are likely attributable to a

lack of training, "courts typically permit the losing party leave to amend[,]" even in

the absence of a specific request by the non-moving party.  *Brown v. Matauszak*,

8

No. 09-2259, 415 F. App'x 608, 614-615 (6th Cir. Jan. 31, 2011) (unpublished) (McKeague, J.) (quotation omitted).

## III.   ANALYSIS

The Court finds that although Plaintiff's Complaint purports to contain five distinct causes of action, juridical interests require the Court to analyze Plaintiff's allegations in a framework other than the one Plaintiff has chosen.  This decision, made after a close reading of Plaintiff's Complaint and Response, permits the Court to address Plaintiff's concerns in a more coherent fashion.

**A.     Plaintiff's Allegations Regarding the Severance of the Note and Mortgage, the Assignment, and Wells Fargo's Standing to Foreclose Fail to State a Claim.**

Significant portions of Plaintiff's Complaint and Response are dedicated to challenging the validity of the note, mortgage, and assignment.  Although Plaintiff relies on case law from several states other than Michigan, the Court construes the Complaint as alleging that (1) the splitting of the note and mortgage rendered the assignment from MERS acting as nominee for Main Street Bank to Wells Fargo defective, (2) because the assignment was invalid, no record chain of title evidencing the assignment of the mortgage exists as required by Michigan Compiled Laws § 600.3204(3),[6] and (3) this chain of title defect deprived Wells Fargo of the authority to initiate foreclosure proceedings.

---

[6] Michigan Compiled Laws § 600.3204(3) provides, in pertinent part, that:

With respect to the note-splitting argument, the Michigan Supreme Court has made it clear that under Michigan law a mortgage granted to MERS as nominee for lender and lender's successors and assigns is a valid and assignable mortgage. *Residential Funding Co. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 184 (2011) ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands.") (citations omitted). In other words, case law from the Michigan Supreme Court, which this Court is bound to follow, provides that the note and mortgage may be split and held by different entities. *See Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (observing that the *Erie* doctrine requires federal courts hearing state law claims to apply the decisions of the state's highest court). Relatedly, any challenge Plaintiff endeavors to bring on the basis of the securitization of the loan is not cognizable and thus fails to state a claim. *See Stafford v. Mortgage Elec. Registration Sys.*, at *13 (E.D. Mich. May 2, 2012) (Cohn, J.) (collecting cases).

---

If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Moreover, and as Wells Fargo points out, Plaintiff cannot challenge the validity of the assignment because "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Props. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97, 102 (6th Cir. 2010). To the extent Plaintiff challenges the record chain of title on the basis that the defective assignment corrupted the chain of title thus depriving Wells Fargo of statutory authority to foreclose the property, the Court finds the Sixth Circuit's opinion in *Livonia Properties* instructive. After preliminarily providing that Livonia had "presented no authority for the proposition that the record chain of title is destroyed by an irregularity affecting the validity of a transfer[,]" the Court explained that "[e]ven if the transfer were invalidated, the public record would remain as it is, and the record chain of title would not be disturbed." *Livonia Props.*, 399 F. App'x at 102. While parties subject to foreclosure may "challenge whether a lender holds record chain of title, [] that determination is limited to an examination of the public records." *Id.* at 103. In other words, a party challenging the record chain of title may not "go beyond the statutory requirements to inspect every contract or agreement in the history of the loan." *Id.* (internal quotation marks and citation omitted).

11

Here, the record chain of title as reflected in public records shows Main Street Bank, acting via MERS (named as mortgagee in the mortgage and acting as nominee for Main Street Bank) assigned the mortgage to Wells Fargo.[7]  This chain of title existed "prior to the date of [the foreclosure] sale," as required by Michigan Compiled Laws § 600.3204(3).  Thus, even if the assignment were invalid, the record chain of title "would not be disturbed[,]" and therefore, would still reflect that Wells Fargo as the mortgagee.  *Livonia Props.*, 399 F. App'x at 102; *see also Maraulo v. CitiMortgage, Inc.*, No. 12-10250, 2013 U.S. Dist. LEXIS 17727, at *21 (E.D. Mich. Feb. 11, 2013) (Goldsmith, J.) ("Because the record chain of title would not be disturbed even if the assignment were invalid, Plaintiffs['] challenge to the assignment on the grounds that it destroys the required chain of title lacks merit.").  As the mortgagee of record, Wells Fargo possessed authority to initiate foreclosure proceedings pursuant to Michigan Compiled Laws § 600.3204(1).

While Plaintiff has standing to challenge whether Wells Fargo held record chain of title, Plaintiff "lacks standing to challenge that assignment."  *Livonia Props.*, 399 F. App'x at 102; *see also Yuille v. Am. Home Mortgage Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) (explaining that the borrower, "as a stranger to the assignment, lacked standing to challenge [the] validity" of an assignment).  This is particularly true where "any defect in the assignment of the mortgage

---

[7] The record chain of title vitiates Plaintiff's allegations regarding an "unclear chain of title."

would make no difference where both parties to the assignment ratified the

assignment by their subsequent conduct in honoring its terms[.]" *Yuille*, 483 F.

App'x at 135.  Here, Plaintiff ratified the assignment by remitting payment and is

therefore not entitled to challenge the assignment.[8]

**B.    Plaintiff's Arguments Regarding Holders in Due Course and Presentment of the Note Fail to State a Claim.**

Plaintiff also appears to contest the validity of the foreclosure based on

Wells Fargo's alleged failure to comply with Article 3, which governs negotiable

instruments and Article 9, which governs secured transactions, of the Uniform

Commercial Code (the "UCC").  This argument does not carry the day as several

courts in this district have held that the UCC does not apply to mortgage

foreclosures.  *See, e.g.*, *Gardner v. Quicken Loans, Inc.*, No. 13-12720, 2013 U.S.

Dist. LEXIS 121586, at *9 (E.D. Mich. Aug. 27, 2013) (Cohn, J.) (dismissing

plaintiff's UCC claim as failing to state a plausible claim for relief); *Share v.*

*Mortgage Elec. Registration Sys., Inc.*, No. 11-11889, 2012 U.S. Dist. LEXIS

78580, at *3-6 (E.D. Mich. June 6, 2012) (Rosen, C.J.) (holding that "Article 3 of

---

[8] Although Plaintiff claims that he never signed the mortgage or the note, he never would have sent a qualified written request to Wells Fargo in July of 2012 if no mortgage existed.  (Resp. 2.)  Moreover, allegations elsewhere in the Complaint belie Plaintiff's efforts to claim that he did not sign any documents.  For example, in the "Third Cause of Action," Plaintiff alleges that Main Street Bank "materially altered the contract without the consent of" Plaintiff.  (Compl., ECF No. 1, Pg ID 19.)  It cannot be true that Plaintiff did not sign any documents while he implicitly acknowledges the existence of a contract.

the UCC does not apply to mortgages because Article 3 applies only to negotiable instruments and a mortgage instrument is not a negotiable instrument since it does not contain an unconditional promise to pay a sum certain [but] merely secures payment of the negotiable instrument) (citing *Jaboro v. Wells Fargo Bank, N.A.*, No. 10-11686, 2010 U.S. Dist. LEXIS 134672, at *16 (E.D. Mich. Dec. 20, 2010) (Duggan, J.)); *Pace v. Bank of Am., N.A.*, No. 12-12014, 2012 U.S. Dist. LEXIS 167557, at *5 (E.D. Mich. Nov. 27, 2012) (O'Meara, J.) ("Article 9 of the UCC applies to personal property, not real property."). Accordingly, any challenge Plaintiff brings against Wells Fargo based upon a violation of the UCC fails to state a viable claim for relief and must, therefore, be dismissed.

Relatedly, Plaintiff contends that Defendant lacks standing to foreclose the mortgage because of a failure to satisfy the requirements for being a holder in due course or for failure to endorse the note. However, there is no requirement in Michigan statutory law requiring that the note evidencing the indebtedness be endorsed to the foreclosing party (although, there is evidence that Main Street endorsed the note to Wells Fargo in this case) or that the foreclosing party (Wells Fargo) be a holder or holder in due course of the note. *Gardner, Inc.*, No. 13-12720, 2013 U.S. Dist. LEXIS 121586, at *10-11 (citing *Crews v. Fannie Mae*, No. 11-11656, 2012 U.S. Dist. LEXIS 25237, at *16 (E.D. Mich. Feb. 8, 2012) (Komives, M.J.), report and recommendation adopted, 2012 U.S. Dist. LEXIS

14

25227 (E.D. Mich. Feb. 28, 2012) (Edmunds, J.)).  Rather, Michigan's foreclosure by advertisement statute simply requires that the party instituting the foreclosure have an interest in the indebtedness.  Mich. Comp. Laws. § 600.3204(1)(d).[9]  Here, the party instituting the foreclosure (Wells Fargo) did, and still has, an interest in the indebtedness by virtue of the assignment of the mortgage and ownership of the note.  Being the mortgagee of record and note holder, Wells Fargo was entitled to foreclose.

Moreover, Plaintiff appears to challenge the foreclosure based on the assertion that he was entitled to a copy of the original note before Wells Fargo was permitted to foreclose.  Plaintiff, however, has not pointed to a single legal authority to support his assertion (made elsewhere in the Complaint as well) that he is entitled to receive or inspect the note.  Courts in this district have held to the contrary.  *See, e.g.*, *Aliahmad v. U.S. Bank N.A.*, No. 12-11844, 2012 U.S. Dist. LEXIS 120627, at *13-14 (E.D. Mich. Aug. 24, 2012) (Edmunds, J.) (explaining that "there is no statutory requirement that the original note or the so-called 'wet-ink' mortgage be presented"); *Jozlin v. U.S. Bank N.A.*, No 11-12749, 2012 U.S. Dist. LEXIS 511, at *7-8 (E.D. Mich. Jan. 4, 2012) (Cook, J.) ("Inasmuch as

---

[9] Michigan Compiled Laws § 600.3204(1)(d) provides, in pertinent part:

[A] party may foreclose a mortgage by advertisement if . . . [t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

[Michigan's foreclosure by advertisement] statute does not require presentation of the original note or a 'wet ink' mortgage, this allegation by [plaintiffs] fails to state a claim upon which relief can be granted.").  As such, Plaintiff's allegations relating the presentment of the note fail to state a claim upon which relief can be granted.

**C.     Plaintiff's "Third Cause of Action" Fails to State a Claim.**

Wells Fargo contends that the allegations contained in Plaintiff's "Third Cause of Action" fail to satisfy the basic pleading requirements of Federal Rule of Civil Procedure 8.  The Court agrees as the allegations are completely devoid of the factual enhancement necessary to survive a motion to dismiss.  For example, Plaintiff alleges that Main Street Bank "materially altered the contract without the consent of" Plaintiff and committed fraud thus "rendering the transaction illegal." (Compl., ECF No. 1, Pg ID 19.)   Moreover, Main Street Bank and Wells Fargo "deliberately hid and falsified material facts about the true nature of the loan agreements and concealed those material facts thereby depriving [Plaintiff] the opportunity to abort the contract[.]"  (*Id.*)  These threadbare assertions do not suffice to put Defendant on notice as they do not provide any clue about the "material terms" to which Plaintiff refers.  Simply stated, Plaintiff's pleading does not provide anything beyond "labels and conclusions," which are not entitled to a

16

presumption of truth. *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (citations and quotations omitted).

**D.    Plaintiff's Allegations of Fraud Fail to Satisfy the Heightened Pleading Requirements of Rule 9.**

Plaintiff's fourth cause of action purports to state a claim for fraud. While Plaintiff's allegations span several pages, it seems as though Plaintiff's fraud claim relies on his contention that Main Street Bank never actually loaned him money but rather unlawfully created currency so as to deceive Plaintiff. (Compl., ECF No. 1, Pg ID 20-22.) Apparently, this currency was created when "Berry deposit[ed] the promissory note and [] Main Street Bank[] returned the same as a loan and charged [Plaintiff], the alleged borrow, interest to boot." (*Id.* at Pg ID 20, ¶ 4.) In other words, Main Street Bank defrauded Plaintiff by making him believe he was receiving a loan even though no loan ever existed. From what the Court is able to discern, Plaintiff suggests that Wells Fargo is liable for this fraud in its capacity as an assignee of the mortgage.[10]

Wells Fargo argues that this claim is subject to dismissal because the allegations lack the requisite specificity to withstand a motion to dismiss. The Court agrees.

---

[10] Some allegations in the Complaint could be construed as contending that Wells Fargo defrauded Plaintiff at the time of the loan's origination. This, however, cannot be the case as Main Street Bank is named as the lender in the mortgage and Wells Fargo did not obtain any interest in the indebtedness until after the loan agreement was executed.

17

In order to state a *prima facie* claim of fraud under Michigan law, "a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury." *Roberts v. Saffell*, 280 Mich. App. 397, 403, 760 N.W.2d 715, 719 (2008).

Beyond containing each of the aforementioned elements, claims of fraudulent conduct must adhere to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b)'s particularity requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ("As a sister circuit has phrased it," Rule 9(b) requires a plaintiff to "specify the 'who, what, when, where,

18

and how' of the alleged fraud.") (quoting *United States ex rel. Thompson v.*

*Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Even assuming that Plaintiff's Complaint does contain language referencing

each element of a *prima facie* claim of fraud, it is otherwise threadbare. The

Complaint contains little more than conclusory allegations unsupported by the

factual enhancement necessary to put Wells Fargo on notice of the claims asserted

against it.

Having determined that Plaintiff's Complaint falls short of the notice

pleading requirements embodied in Rule 8, it necessarily follows that the

allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. The

Complaint fails to include the "who, what, when, where, and how" of the alleged

fraud. Because Plaintiff's Complaint falls woefully short of stating his fraud

claims with particularity, the Court dismisses Plaintiff's fraud count.

**E.      Plaintiff Has Not Sufficiently Alleged an Entitlement to Quiet Title.**

As an initial matter, the Court notes that quiet title actions are remedies, not

independent causes of action. *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013

U.S. App. LEXIS 5524, at * 7 (6th Cir. Mar. 18, 2013) (per curiam) (noting that

district court properly dismissed plaintiff's quiet title count because it is not a

cause of action but rather a remedy). Michigan law does, however, provide a

statutory mechanism for quieting title, which the Court addresses in the interest of completeness.

Michigan Compiled Laws § 600.2932(1) provides, in pertinent part:

> Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]

This statutory language requires a plaintiff seeking to quiet title to establish a substantive right in the property superior to others claiming an inconsistent interest. *Beach v. Twp. of Lima*, 489 Mich. 99, 110, 802 N.W.2d 1, 8 (2011). Plaintiff bears the initial burden of proof and must establish a *prima facie* case of title. *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (1984) (citation omitted). "Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed." *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.).

Because the statutory redemption period has not yet lapsed, Plaintiff retains legal title on the property. Wells Fargo's claim to the property is in equity as it holds a lien on the property by virtue of Plaintiff's default. Although Plaintiff asserts that there is no legitimate mortgage on the property, (Compl., ECF No. 1, Pg ID 18), the record chain of title suggests otherwise. Plaintiff does not contest that he failed to pay and defaulted under the terms of the loan, although, he does

20

make convoluted arguments devoid of any factual support that no loan was ever extended to him.  Despite this argument, however, the fact that the Court has rejected each of Plaintiff's arguments challenging the validity of the lien on his property (the mortgage) means that this Court is unable to quiet title in his favor. *Yuille*, 483 F. App'x at 135.

On the basis of the foregoing, the Court finds that Plaintiff has failed to state a viable claim for the relief he seeks.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, Wells Fargo's Motion to Dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff would like to file an amended complaint, it must comply with Federal Rules of Civil Procedure 8 and 9.  Should Plaintiff elect to amend, he must file an amended complaint within **21 DAYS** of receiving this Opinion and Order.

**IT IS SO ORDERED.**

Date:  October 15, 2013

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

**Erik Berry**
23735 W. Newell Circle
Farmington Hills, MI 48336

**Marc P. Jerabek, Esq.**

21