UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK BERRY,

    Plaintiff,

v.

MAIN STREET BANK and all associated parties,
JEFFREY KOPELMAN President/CEO, ROB
DECRAENE Vice President at Main Street Bank,
WANDA HAITSMA CFO at Main Street Bank,
WELLS FARGO BANK, N.A. and all associated
Parties et al, GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION et al, CEO
MICHAEL J. NAJJUM, JR. Senior Vice
President and Chief Financial Officers, MERS et
al,

    Defendants.
_____/

Case No. 13-13280

Hon. Patrick J. Duggan

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTFF'S COMPLAINT WITH PREJUDICE

*Pro se* Plaintiff Erik Berry originally instituted this residential mortgage foreclosure action in state court on January 9, 2013. The case was ultimately removed to federal court and in an Opinion and Order dated October 15, 2013, this Court granted Defendant Wells Fargo's Motion to Dismiss,[1] dismissed Plaintiff's Complaint without prejudice, and gave Plaintiff twenty-one days to file an

---

[1] Of the thirteen Defendants named in the original complaint, Defendant Wells Fargo was the only one to be served.

amended complaint. In accordance with the Court's directive, Plaintiff filed an Amended Complaint on November 4, 2013. Defendants Wells Fargo and Defendant Mortgage Electronic Registration Systems ("MERS") subsequently filed separate motions seeking dismissal of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. These motions are presently before the Court. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated herein, the Court grants both motions and dismisses Plaintiff's Amended Complaint with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Note, Mortgage, and Eventual Foreclosure

On January 31, 2012, Plaintiff accepted a $131,577 loan from Main Street Bank, and, in exchange, executed a promissory note secured by a mortgage on real property commonly known as 23735 West Newell Circle, Farmington Hills, Michigan. The mortgage, executed in favor of MERS as the nominee for Main Street Bank and Main Street Bank's successors and assigns, designates MERS as the mortgagee. This mortgage was recorded with the Oakland County Register of Deeds on February 29, 2012, at Liber 4380, page 804. MERS, acting in its capacity as nominee for Main Street Bank, subsequently assigned the mortgage to

Wells Fargo and an assignment reflecting this transfer was recorded in the Oakland County Register of Deeds on February 15, 2013, at Liber 45371, page 431. As evidenced by the allonge to the note, the note was endorsed and made payable to Wells Fargo.

Plaintiff eventually defaulted on his loan obligations by failing to remit timely payments. As a result, Wells Fargo, acting through its agent, the law firm of Trott & Trott, published a notice of foreclosure in the Detroit Legal News for four consecutive weeks on July 29, August 5, August 12, and August 19. A sheriff's sale occurred on August 27, 2013. Pursuant to Michigan law, the statutory redemption period expired on February 27, 2014. Mich. Comp. Laws § 600.3240(8).

### B.   Court Proceedings

On January 9, 2013, Plaintiff initiated a civil action against thirteen defendants by filing a complaint in the Circuit Court for Oakland County in Oakland County, Michigan. The only defendant who to receive proper service, Wells Fargo, thereafter removed the action to this Court and ultimately filed a "Motion to Dismiss and/for Summary Judgment" seeking dismissal of each of the five causes of action set forth in Plaintiff's Complaint.

Although the Complaint contained headings for five separate causes of action, the Court, after engaging in a thorough examination of both Plaintiff's

Complaint and Response, was unable to discern precisely legal authority Plaintiff relied upon for each count. What the Court could discern, however, was that Plaintiff's Complaint failed to state a single viable claim. Therefore, after addressing each concern raised by Plaintiff, the Court dismissed Plaintiff's Complaint without prejudice given his *pro se* status and permitted Plaintiff to file an amended complaint that comported with the Federal Rules of Civil Procedure within twenty-one days. *See Berry v. Main St. Bank*, No. 13-13280, 2013 U.S. Dist. LEXIS 147915 (E.D. Mich. Oct. 15, 2013) (Duggan, J.) (dismissing Plaintiff's allegations concerning the separation of the note and mortgage, the impropriety of any assignment, Wells Fargo's standing to foreclose, application of the Uniform Commercial Code, fraud, misrepresentation, and the illegality of any contracts, and further rejecting Plaintiff's claims that he demonstrated an entitlement to quiet title in his favor).

On November 4, 2013, Plaintiff filed his Amended Complaint. Defendant Wells Fargo filed a "Renewed Motion to Dismiss and/or for Summary Judgment" pursuant to Federal Rules 12(b)(6) and 56 on November 12, 2013. Defendant MERS filed a "Motion to Dismiss and/or for Summary Judgment" pursuant to the same rules on December 3, 2013. Plaintiff filed his Response on December 16, 2013. Wells Fargo replied on December 27, 2013.

## II.   DISCUSSION

A review of both Plaintiff's Amended Complaint and his Response reveals that Plaintiff has merely reorganized and repackaged the allegations contained in the original complaint this Court dismissed on October 15, 2013. Plaintiff has changed some of the defendants and although Plaintiff's Amended Complaint purports to contain three causes of action instead of the five contained in the original complaint, the allegations are strikingly similar. The Court does not address each cause of action as its previous Opinion and Order sufficiently disposes of any and all claims set forth in Plaintiff's Amended Complaint. The Court does, however, find it necessary to provide some illustration of the similarities between the two complaints.

Plaintiff's second cause of action in the original complaint contained eight paragraphs. In Plaintiff's Amended Complaint, the second cause of action contains eleven paragraphs, eight of which are the same paragraphs contained in the original complaint. The three new paragraphs do nothing to change the fact that Plaintiff's note-splitting theory fails as a matter of law, that Plaintiff may not challenge any assignment to which he was not a party, and that the Uniform Commercial Code ("UCC") does not apply to residential mortgage transactions. *See, e.g.*, *Residential Funding Co. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 184 (2011) (holding that a note and mortgage may be split and held by different entities); *Livonia Props. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings,*

5

*L.L.C.*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) ("[A] litigant who is not a party to an assignment lacks standing to challenge that assignment."), *aff'd*, 399 F. App'x 97, 102 (6th Cir. 2010); *Gardner v. Quicken Loans, Inc.*, No. 13-12720, 2013 U.S. Dist. LEXIS 121586, at *9 (E.D. Mich. Aug. 27, 2013) (Cohn, J.) (dismissing plaintiff's UCC claim as failing to state a plausible claim for relief in an action involving a residential mortgage foreclosure).

Further, despite Plaintiff's request to have this Court quiet title in his favor, he has not addressed any of the shortcomings this Court pointed out in its prior Opinion and Order.  Plaintiff does not dispute that he defaulted under the terms of the note and mortgage and despite his conclusory allegations that "there is no Contract[]" and "there is no legitimate mortgage of record[,]" (Amended Complaint 4, 5), publicly-available documents referenced in the Amended Complaint and central to the claims stated therein, namely the Mortgage and Note, belie any such claims.  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that courts evaluating a motion to dismiss may consider public records in addition to exhibits attached to a defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).  Moreover, as recognized by the United States Court of Appeals for the Sixth Circuit, the equitable doctrine of unclean hands precludes a borrower from asserting a quiet

6

title action when in default on a mortgage loan. *Yuille v. Am. Home Mortgage Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) (unpublished) (applying Michigan law).

In sum, despite having the opportunity to amend and the Court's prior Opinion and Order to serve as guidance in how to structure any amendments, Plaintiff's Amended Complaint remains wholly deficient.

### III. CONCLUSION AND ORDER

Plaintiff's Amended Complaint fails to state any plausible claims that would entitle him to relief. The Court therefore **GRANTS** Defendant Wells Fargo's and Defendant MERS's motions to dismiss, (ECF Nos. 14, 15), and **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED**.

Date: February 28, 2014

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

**Erik Berry**
23735 W. Newell Circle
Farmington Hills, MI 48336

**Marc P. Jerabek, Esq.**